IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

```
MARK J. CUYLER,                )
                               )
        Plaintiff,             )
                               )
v.                             )    CIVIL ACTION
                               )    FILE NO. 1:13-cv-00181-JEC
                               )
JOHN LEY, JOEL F. DUBINA,      )
WILLIAM H. PRYOR, and          )
BEVERLY B. MARTIN,             )
                               )
        Defendants.            )
```

### ORDER & OPINION

This case is before the Court on the plaintiff's Motion to Remand [6] and the defendant's Motion to Dismiss [2]. The Court has reviewed the record and the arguments of the parties and, for the reasons set out below, concludes that the plaintiff's Motion to Remand [6] should be **DENIED** and the defendant's Motion to Dismiss [2] should be **GRANTED**.

### BACKGROUND

On December 12, 2012, plaintiff Mark J. Cuyler filed a complaint for damages against John Ley and Judges Joel F. Dubina, William H. Pryor, and Beverly B. Martin in Fulton County Superior Court. (Defs.' Notice of Removal [1-1].) The defendant Judges Dubina, Pryor, and Martin are judges on the Eleventh Circuit Court of Appeals and defendant Ley is the Clerk of the Eleventh Circuit Court.

AO 72A
(Rev.8/82)

In his complaint, the plaintiff alleges multiple grievances against the defendants in both their individual and official capacities, including the defendants' "[d]iscrimination, [c]onspiracy to commit [f]raud, and [c]ivil [r]ights [v]iolation." (*Id.*) Among these allegations, the plaintiff states the defendant Judges "aid and abet" the criminal activities of the judges of the Middle District of Florida by "consolidating the appeals, which is extortion." (*Id.* at ¶ 5.) The plaintiff references nine specific appeals to the Eleventh Circuit in his complaint.

First, the plaintiff alleges that in Appeal Nos.: 12-11824, 12-11825, 12-11826, 12-11827, 12-12437, 12-11828, & 12-11829, the defendant Judges' decisions to "consolidate[] all the appeals and summarily affirm them, is fraud, a crime and also treason." (*Id.* at ¶¶ 6-7, 10-14.) The plaintiff asserts that in Appeal No: 12-12599, the defendant Judges signed an order "[g]ranting in part, dismissing as untimely; lack of jurisdiction of prior orders is without merit according to the Supreme Court decision."[1] (*Id.* at ¶ 8.) Further, the plaintiff alleges that in Appeal No: 12-13442, the defendant Judges' summarily affirming the district court's order for lack of standing is "fraud and a crime and also treason. This is an [i]nterlocutory [a]ppeal and can not be dismiss[ed] or affirmed. It

---

[1] The plaintiff does not cite the Supreme Court decision that his argument references.

2

must be remanded back for further proceedings." (Defs.' Notice of Removal [1-1] at ¶ 9.) Finally, the plaintiff alleges the defendant Judges' "[v]exatious [l]itigant and [c]ondition [r]estriction statement is a threat by the court and violates the U.S. Supreme [C]ourt decisions and other circuit court decisions." (*Id.* at ¶ 15.)

The plaintiff also avers that defendant Ley "violated Due Process and Plaintiff['s] civil rights by ignoring the pending motion in response to the court order to show cause and returned Appellant documents; Motion for Contempt and Motion for Reconsideration unfiled." (*Id.* at ¶ 2.) He states that defendant Ley consolidated appeals and issued orders without jurisdiction. (*Id.* at ¶¶ 3-4.) On January 18, 2013, the defendants removed the suit to the United States District Court for the Northern District of Georgia. (*Id.* at [1].)

The present suit is not the first case the plaintiff has filed against federal judges.[2] In fact, it is not even the first case that plaintiff has filed against Eleventh Circuit judges based on the same facts. As set out in this Court's Order of this same date--September

---

[2] Prior to filing these two actions, the plaintiff had sued every active judge in the Middle District of Florida based on the same causes of action that led to the Eleventh Circuit appeals about which the plaintiff now complains.

3

5, 2013--*Cuyler v. Ley*, 1:12-cv-3066-JEC ("*First Mark[3] Cuyler Georgia Action*"), the plaintiff has sued seven other Eleventh Circuit judges based on his disagreement with their rulings in the same series of appeals on which plaintiff now files suit against these last three Eleventh Circuit judges.  With this second action, plaintiff has now, based on the same factual claims and causes of action, sued every active judge in the Eleventh Circuit, except for now-Chief Judge Ed Carnes.  In short, this second action is really just a second effort by the plaintiff to join these remaining three Eleventh Circuit judges to his first *Mark Cuyler* action.  *See First Mark Cuyler Georgia Action*, Order of September 6, 2013, at 11.

The plaintiff has filed a motion to remand in this case. (Pl.'s Mot. to Remand [6]).  The defendants have filed a motion to dismiss, citing Rules 12(b)(2), (4), (5), and (6) of the Federal Rules of Civil Procedure.  Additionally, the defendants argue that the plaintiff is barred from bringing the present suit because of the Middle District of Florida's permanent injunction on the plaintiff. (Defs.' Mot. to Dismiss [2].)  Both of these motions are presently before the Court.

---

[3] The Court uses plaintiff's first name in this description of his case to distinguish him from his brother, Matthew Cuyler, who is also a frequent *pro se* filer in the Northern District of Georgia. *See First Mark Cuyler Georgia Action*, Order of September 5, 2013, at 9, n.6.

4

**DISCUSSION**

I. **PLAINTIFF'S MOTION TO REMAND**

For the reasons set out in the Court's Order of September 6, 2013 (attached as Ex. 1) in the *First Mark Cuyler Georgia Action*, at 5-8, the Court **DENIES** plaintiff's motion to remand.

II. **DEFENDANTS' MOTION TO DISMISS**

The defendants have moved to dismiss the plaintiff's claims on three grounds: (1) that the defendant Judges are afforded the absolute defense of judicial immunity and thus the complaint should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6); (2) that defendant Ley is afforded the absolute defense of quasi-judicial immunity and thus the complaint should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6); and (3) that the plaintiff is "prohibited from filing the instant Complaint based on an Order previously issued by the District Court for the Middle District of Florida."[4] (Defs.' Mot. to Dismiss [2].)

Albeit defendants' argument that they are entitled to judicial

---

[4] The defendants also have argued, in the alternative, that they have not "been properly served in accordance with Federal Rules of Civil Procedure 4(i)(1), 4(i)(3), and 4(e)" and thus the complaint should be dismissed under Federal Rule of Civil Procedure 12(b)(5). (Defs.' Mot. to Dismiss [2] at n.1.) While it does not appear that the plaintiff perfected proper service on the individual defendants, it is unnecessary to address this argument as the case will be dismissed with prejudice on substantive grounds. Given this result, the defendants would presumably withdraw their motion for dismissal based on service defects.

immunity from plaintiff's claims is meritorious,[5] the Court bases its dismissal on plaintiff's failure to comply with the Middle District of Florida's permanent injunction requiring the plaintiff to obtain the leave of that court before suing, in state court, any federal judicial officers or any judicial employee acting on behalf of a federal judicial officer.  *See First Mark Cuyler Georgia Action*, *supra*, at 14-20.

Plaintiff disregarded that Order and did not obtain the permission of the Florida federal court before suing these Eleventh Circuit judges and the clerk of their court.  Accordingly, his action here is subject to dismissal, which this Court now grants. Thus, defendants' motion to dismiss the plaintiff's claims is **GRANTED.**

## CONCLUSION

For the above reasons, the Court **DENIES** the plaintiff's Motion to Remand [6] and **GRANTS** the defendants' Motion to Dismiss [2]**.** This action is **DISMISSED WITH PREJUDICE**.

SO ORDERED, this 5th day of September, 2013.

/s/ Julie E. Carnes
JULIE E. CARNES
CHIEF UNITED STATES DISTRICT JUDGE

---

[5]  *See First Mark Cuyler* action *supra,* at 20-23.